Douglas Martin CATES *v.* STATE

CR 97-263 952 S.W.2d 135

Supreme Court of Arkansas
Opinion delivered September 25, 1997

*Michael L. Allison*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Judge. Douglas Cates was convicted of first-degree murder and sentenced to life in prison. He contends the evidence against him was insufficient to have been permitted to go to the jury; thus, his motion for directed verdict should have been granted. He also contends the Trial Court erred in rejecting his contention that he was being tried in the wrong county. As Mr. Cates presented no positive evidence that the crime did not occur in Conway County, and as the evidence against him was

clearly sufficient to overcome his motion for a directed verdict, the conviction is affirmed.

Mr. Cates gave two tape-recorded statements in which he admitted killing Lynn Neeley. According to Mr. Cates, he and Mr. Neeley entered the locomotive cab of the second engine of a freight train in North Little Rock at approximately 8:00 p.m. on February 12, 1996. While on the train, the two men drank whiskey and eventually began arguing. After telling Mr. Cates that he could kill him, Mr. Neeley pulled out a knife. Mr. Cates took the knife away from Mr. Neeley, pushed him against the wall, and stabbed him in the back. When the knife broke, Mr. Cates forced Mr. Neeley to the floor so that Mr. Neeley was lying on his stomach. Mr. Cates then grabbed a hatchet from his pack and hit Mr. Neeley in the head several times as he stood over him. Then, Mr. Cates, who was unable to get off the moving train, drank more liquor and passed out.

Mr. Cates was charged by information on February 14, 1996, in the Conway County Circuit Court with first-degree murder and with being an habitual offender. At a probable-cause hearing held that day, the Trial Court found that the Conway County Circuit Court had jurisdiction of the matter because "the best and only information we have is this [crime] occurred in Conway County."

During the trial, Charles Norman, the engineer who worked on the train where the homicide occurred, testified that on February 12, 1996, he saw Mr. Neeley's body and Mr. Cates in the cab when the train stopped between Ozark and Mulberry. He testified that the victim's skull was visibly crushed.

Jim Freeman, Mulberry Chief of Police, met the train in Mulberry and took Mr. Cates into custody. He testified that the victim was covered in an "extreme amount of blood," and that he removed from the victim's body a hatchet which appeared to be covered with fresh blood and hair. A knife blade was also found on the train. Dr. Frank Peretti, who performed the autopsy, testified that the cause of Mr. Neeley's death was twenty-one multiple shock-force head injuries.

### 1. Sufficiency of the evidence

■ ■ A motion for directed verdict is a challenge to the sufficiency of the evidence. *Carter v. State*, 324 Ark. 395, 398, 921 S.W.2d 924, 925 (1996). In considering whether a conviction is supported by sufficient evidence, we need only consider the evidence that supports the guilty verdict, and we view the evidence in the light most favorable to the State and affirm if there is substantial evidence to support the verdict. *Martin v. State*, 328 Ark. 420, 426, 944 S.W.2d 512, 515 (1997); *Hicks v. State*, 327 Ark. 652, 658, 941 S.W.2d 387, 391 (1997). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other and permits the trier of fact to reach a conclusion without having to resort to speculation or conjecture. *McGehee v. State*, 328 Ark. 404, 410, 943 S.W.2d 585, 588 (1997).

The first-degree murder statute provides as follows: "(a) A person commits murder in the first degree if . . . (2) With the purpose of causing death of another person, he causes the death of another person." Ark. Code Ann. § 5-10-102 (Repl. 1993).

■ The confession, the engineer's testimony, and the medical testimony as to the cause of death were beyond question sufficient to permit the matter to go to the jury.

### 2. Jurisdiction

■ ■ Although sometimes referred to as a venue question, the issue of a court's authority to try a person for a crime is more properly characterized as one of territorial jurisdiction. *See Webb v. State*, 323 Ark. 80, 83, 913 S.W.2d 259, 261 (1996). "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which a crime shall have been committed; provided that the venue may be changed to any other county of the judicial district in which the indictment is found . . ." Ark. Const. art. 2, § 10; *State v. Webb*, 323 Ark. at 83; 913 S.W.2d at 261. Pursuant to Ark. Code Ann. §16-88-105(b) (Repl. 1993), "[t]he local jurisdiction of circuit courts . . . shall be of offenses committed within the respective

counties in which they are held." At a criminal trial, the State is not required to prove the court's jurisdiction unless positive evidence is admitted that affirmatively shows it to be lacking. Ark. Code Ann. § 5-1-111(b) (Repl. 1993); *Nicholson v. State*, 319 Ark. 566, 571, 892 S.W.2d 507, 510 (1995); *Findley v. State*, 307 Ark. 53, 59, 818 S.W.2d 242, 246 (1991). In *Higgins v. State*, 317 Ark. 555, 558, 879 S.W.2d 424, 425 (1994), we noted that § 5-1-111(b) created a presumption in favor of jurisdiction in the place where the charge is filed by the State.

The train carrying Mr. Cates and Mr. Neeley was traveling west, from North Little Rock to Van Buren. Mr. Cates was unsure when the argument between him and Mr. Neeley began. In his first statement, Mr. Cates said that he did not know if the argument began when the train was in North Little Rock, but that the last thing that he remembered was going through the tunnel on the west side of Conway. In a later statement, he said that the argument began after the train had passed through the tunnel. Mr. Cates agreed that the argument may have started about ten minutes after the train passed through the tunnel. At trial, there was testimony that the tunnel is located in Faulkner County, approximately three miles east of the Conway County-Faulkner County line.

Mr. Cates presented no positive evidence that the offense occurred anywhere other than in Conway County. Mr. Cates's jurisdictional claim is thus without merit.

### 3. *Ark. Sup. Ct. R. 4-3(h)*.

In accordance with Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for erroneous rulings prejudicial to Mr. Cates, and none has been found.

Affirmed.