The Honorable Stewart K. Lambert Prosecuting Attorney Third Judicial Circuit 3623 U.S. Highways 62 and 412 West Aztec Building, North Offices P.O. Box 549 Cherokee Village, Arkansas 72525-0549
Dear Mr. Lambert:
This is in response to your request for an opinion on the following question:
 [W]here would jurisdiction and venue lie in a criminal case which involved a minor child who was molested [on a car trip] commencing in one county, traveling through several other counties, being delivered in another county, and who is incapable because of her age or circumstances to accurately determine the location where she was molested?
In my opinion the prosecuting authorities must determine where the crime most likely occurred.[1] Charges may be filed in that county, and the state is entitled to a presumption that jurisdiction is appropriate there. Unless the defendant can present positive evidence that the crime did not occur there, jurisdiction and venue will be upheld.
Arkansas Constitution, art. 2, § 10 entitles a defendant to a "speedy and public trial by impartial jury of the county in which the crime shall havebeen committed." (Emphasis added.) It has been stated that "[a]lthough sometimes referred to as a venue question, the issue of a court's authority to try a person for a crime is more properly characterized as one of territorial jurisdiction." Cates v. State, 329 Ark. 585,952 S.W.2d 135 (1997). In addition, A.C.A. § 5-1-111(b) provides that: "The state is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue." This statute has been characterized as creating "a presumption in favor of jurisdiction in the place where the charge is filed by the State." Id. at 589, citing Higgins v. State, 317 Ark. 555, 558,879 S.W.2d 424 (1994).
The facts of the Cates case are instructive. In that case, a murder was committed on a freight train somewhere along its route from North Little Rock to Van Buren. There was evidence (a statement given by the defendant), that the crime occurred about ten minutes after the train passed through a tunnel in western Faulkner County. The tunnel is located about three miles east of the Faulkner County-Conway County line. The trial judge upheld jurisdiction in Conway County, stating that "the best and only information we have is this [crime] occurred in Conway County." The Arkansas Supreme Court affirmed, stating that the defendant "presented no positive evidence that the offense occurred anywhere other than in Conway County."
As can be seem from Cates, the prosecuting authorities must use the best information they have to determine the proper county of jurisdiction. Unless the defendant can provide positive evidence that the crime did not occur in that county, jurisdiction will be upheld. As for the hypothetical you raise, I am in no better position than the prosecuting authorities in the several counties involved to evaluate where the alleged crime occurred.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] You have enclosed a particular investigative case file with your request. The file shows that the crime most likely occurred in a particular county. The documents indicate that the local prosecutor for that county declined to prosecute for several reasons, including lack of corroborating evidence and uncertainty as to where the crime occurred.