2010 Ark. App. 499
**Bobby Austin WICKS, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–1218.**

Court of Appeals of Arkansas.

June 16, 2010.

David L. Dunagin, Fort Smith, AR, for appellant.

Dustin McDaniel, Attorney General, Brad Newman, Assistant Attorney General, Little Rock, AR, for appellee.

COURTNEY HUDSON HENRY, Judge.

Appellant Bobby Wicks appeals the decision of the Sebastian County Circuit Court revoking the suspended sentences he had received for the offenses of second-degree forgery and the failure to comply with the reporting requirements of the Sex Offender Registration Act (Act).[1] For reversal, he contends that the evidence does not support the circuit court's findings and that the court also erred by failing to correct an illegal sentence. We affirm.

In August 2003, appellant pled guilty to the offense of forgery in the second degree. As a result, the circuit court suspended the imposition of sentence for seven years. The court also ordered appellant to pay restitution in the amount

---

1. The Act begins at Arkansas Code Annotated section 12–12–901 (Repl.2009).

of $980 at the rate of $50 per month and to pay a fine of $750 and court costs of $150 to be paid in monthly installments of $55, commencing after satisfying the payment of restitution. By an order dated May 24, 2006, the circuit court revoked appellant's suspended sentence and sentenced him to a term of forty-two months in prison to be followed by a suspended imposition of sentence for a period of seventy-eight months. The circuit court received notice of appellant's parole on September 14, 2006.

On June 19, 2007, the prosecuting attorney in Sebastian County charged appellant with the offense of failing to comply with the reporting requirements of the Act. As reflected by a judgment and commitment order dated August 8, 2007, appellant pled guilty to that offense with the assistance of counsel, and the circuit court sentenced appellant to two years in prison followed by a suspended imposition of sentence for an additional eight years. Among the conditions of his suspended sentence was the requirement that he not violate any law. Appellant was paroled from the Arkansas Department of Correction in November 2008.

On May 4, 2009, the prosecuting attorney filed a petition to revoke appellant's suspended sentences for both second-degree forgery and failing to register as a sex offender. The State alleged that appellant had violated the terms of his suspended sentence for second-degree forgery by not paying restitution, fines, and costs. With regard to the conviction for failing to register, the State alleged that appellant violated the conditions of his suspended sentence based upon his arrest in Crawford County for failing to comply with the reporting requirements under the Act. The circuit court scheduled a hearing on the petition to revoke for July 15, 2009.

The day before the hearing, appellant filed a motion to dismiss the revocation petition as it pertained to the conviction of failing to register under the Act. In this motion, appellant alleged that the reporting requirements were imposed on him based upon a 1978 conviction for rape in the state of California, and he argued that he was not subject to the requirements of the Act because his conviction predated the passage of the Act in 1997.

At the revocation hearing, the State introduced into evidence the payment ledgers showing that appellant had not paid anything toward restitution, the fine, or the court costs that appellant had been ordered to pay in 2003 as a condition of his suspended sentence for second-degree forgery. Brandi Perez, appellant's parole officer, testified that her records showed that appellant was employed and that he received a government check. She also testified that appellant reported that he was living at 118 Railroad Avenue in Rudy. Prior to appellant's release from prison, Perez spoke with the owner of the premises and confirmed that appellant had permission to stay there. She also received assurances from the owner that the premises was not located within 2,000 feet of a daycare, school, park, or youth center. During one of appellant's scheduled office visits with Perez in January 2009, appellant informed her that the owner had become ill and was confined to a nursing home and that he was acting as the caretaker during the owner's convalescence. Perez visited that location on February 2 and 4, 2009, and did not find appellant there on either occasion. Perez stated that, as a condition of his parole, appellant was required to notify her before leaving his place of residence and that appellant's parole had been revoked for violating this condition. She said that, at the parole-revocation hearing, appellant claimed that

he had been staying in an outbuilding behind the property in Rudy.

Deputy Ken Howard of the Crawford County Sheriff's Department testified that his duties included monitoring those persons who were required to register as sex offenders. He said that appellant reported that he was living at 118 South Railroad Street in Rudy and that appellant was required to notify him in advance of any change in address. Howard accompanied Perez to the Rudy location on February 2, 2009, and he said that they did not make contact with appellant that day. Following the parole-revocation hearing, Howard investigated appellant's claim that he was living in a shed behind the property. He saw no evidence that appellant had been living in the shed, which photographs revealed as being quite dilapidated and of questionable habitability.

Phillip Bridges testified that he was a friend of the owner of the premises in Rudy, and he described the location as being a series of buildings that were made into one structure that once housed several businesses. He said that he took care of the property while the owner was in the nursing home and that he visited the location three or four times a week. Bridges stated that he met appellant on one occasion and that appellant received mail at the Railroad Street address but that appellant did not retrieve his mail. He said that he never saw appellant during his typically hour-long visits and that he was not under the impression that appellant lived there.

Appellant testified that he lived in a shed behind the commercial buildings on Railroad Street. He said that he received social-security retirement checks but that he did not receive checks in January or February 2009. Appellant stated that he was able to work and did odd jobs for a woman but that she did not pay him wages. He acknowledged that he spent $100 a month on alcohol and that he smoked cigarettes that cost $50 a month. On cross-examination, appellant stated that he was not ever going to pay restitution because he did not deprive anyone of any money.

After the hearing, the circuit court issued an order on July 16, 2009, denying the motion to dismiss. The court noted the provision of Arkansas Code Annotated section 12–12–906(a)(2)(B)(i) (Repl.2009), which requires a person living in Arkansas to register as a sex offender if the person would be required to register in the jurisdiction where the person was adjudged guilty of a sex offense, and ruled, after reviewing the penal code in California, that appellant was required to register in this state. In the same order, the circuit court also revoked appellant's suspended sentences. The circuit court found that appellant inexcusably violated the terms of his suspended sentences by failing to report an accurate address and by failing to pay restitution, the fine, and court costs. The court sentenced appellant to concurrent terms of imprisonment totaling eight years in prison. Appellant now appeals the judgment and commitment order entered on July 17, 2009.

Appellant's first argument on appeal is that the circuit court erred in finding that he inexcusably failed to pay restitution, the fine, and court costs. A circuit court may revoke a suspension or probation if it finds by a preponderance of the evidence that the appellant inexcusably failed to comply with a condition of that suspension or probation. Ark.Code Ann. § 5–4–309(d) (Supp.2009). We reverse only if the trial court's decision is clearly against the preponderance of the evidence. *Douglas v. State,* 2010 Ark. App. 380, 2010 WL 1790781. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be

given to the testimony, we defer to the circuit court's superior position to make credibility determinations. *See Barringer v. State*, 2010 Ark. App. 369, 2010 WL 1708145.

■ Where the alleged violation is a failure to make payments as ordered, the State has the burden of proving by a preponderance of the evidence that the failure to pay was inexcusable. *Owens v. State*, 2009 Ark. App. 876, 372 S.W.3d 415. Once the State introduces evidence of nonpayment, the burden shifts to the defendant to offer some reasonable excuse for the failure to pay. *Id.* Arkansas Code Annotated section 5-4-205(f)(3) (Supp.2009) sets forth several factors to be considered by the circuit court, which include the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay.

■ Applying these standards, we uphold the circuit court's decision. Resolving the conflicts in the testimony, the circuit court could find that appellant was capable of working, that he was employed in some capacity, and that he received income from the government. The evidence also showed that, instead of meeting his financial obligations, appellant chose ⌊₇to spend money on nonessential items such as alcohol and cigarettes. As reflected in his own testimony, appellant assumed the attitude that he was not going to pay restitution because he did not feel that he should have to pay anything. On this record, the cir-

cuit court's finding that appellant's failure to pay was both willful and inexcusable is not clearly against the preponderance of the evidence.

■ Appellant also contests the circuit court's finding that he failed to report his address. He argues that the State failed to prove that he was not living on Railroad Street in Rudy.[2] The record reflects that Perez visited the location on consecutive days and did not see appellant there. Deputy Howard checked the outbuilding and saw no sign of anyone living in it. Bridges, the caretaker, was not aware that appellant was living anywhere in the building. Although appellant claimed that he lived in the shed, the circuit court was not required to believe his testimony. The trial court's finding is not clearly erroneous, and we affirm on this point.

Appellant's final argument is that the circuit court erred by denying his motion to dismiss the petition to revoke the suspended sentence he received for failing to register as a ⌊₈sex offender. Appellant argues that he was not required to register as a sex offender in the first place and that, therefore, he received an illegal sentence upon his conviction for that offense. He also maintains that the attorney who represented him made a mistake by advising him to plead guilty to the charge of failing to register. Appellant posits that he could raise this issue during the revocation proceeding because allegations of void or illegal sentences are treated like questions of subject-matter jurisdiction that

2. Noting that one violation is sufficient to support revocation, the State argues that we need not consider this issue because the revocation can be affirmed based solely on appellant's failure to pay restitution, the fine, and court costs. The State's argument is not well taken. The circuit court revoked the suspended sentence that appellant received for second-degree forgery based on the failure to pay, as the payments were a condition of the suspended sentence received for that conviction. The suspended sentence that appellant received for failing to register as a sex offender was not conditioned upon the payment of any of those fees. Therefore, appellant's failure to pay cannot serve as a ground to support the revocation of the suspended sentence imposed for failing to register.

cannot be waived. *See, e.g., Young v. State,* 2009 Ark. App. 728, 2009 WL 3644200. We find no merit in this argument.

■ The term "illegal sentence" refers to any sentence that the trial court lacks the authority to impose. *Bell v. State,* 101 Ark.App. 144, 272 S.W.3d 110 (2008). Although couched in terms of an illegal sentence, appellant's argument is in substance a belated attempt to collaterally attack his 2007 conviction for failing to register as a sex offender. However, in 2007, appellant was represented by counsel and had the opportunity to contest the criminal charge filed against him, but instead he chose to plead guilty to the offense. By pleading guilty, appellant admitted that he was required to register as a sex offender under the Act by virtue of his conviction for rape in California. That appellant may have asserted a defense to the charge does not call into question the circuit court's authority to preside over the criminal matter, to accept his plea of guilty, and to sentence appellant accordingly. Thus, appellant did not receive an illegal sentence.

■ Although appellant could have challenged the conviction under the provisions of Rule 37.1 of the Arkansas Rules of Criminal Procedure and within the time constraints applicable to that rule, appellant did not do so. Appellant was required to pursue postconviction relief under Rule 37.1 within ninety days of the date of the entry of judgment. Ark. R.Crim. P. 37.2(c). The time limitations in Rule 37.2(c) are jurisdictional in nature, and, where they are not met, a trial court lacks jurisdiction to grant postconviction relief. *Carter v. State,* 2010 Ark. 231, 364 S.W.3d 46. Thus, appellant is now barred from challenging his plea and conviction at this late date during a revocation proceeding. Quite simply, the circuit court did not have jurisdiction to entertain the motion to dismiss. Therefore, we affirm the circuit court's denial of the motion.

Affirmed.

ROBBINS and GRUBER, JJ., agree.