
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-14-832

| | |
|---|---|
| MARK TODD MORRIS<br>APPELLANT | **Opinion Delivered** September 9, 2015 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. CR–2013-619-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Judge

Mark Todd Morris brings this appeal from his conviction of failure to comply with sex-offender registration and reporting requirements. In *Morris v. State*, 2015 Ark. App. 294, we ordered him to correct his brief's deficient addendum and to ensure that all briefing requirements had been met. He now has filed a supplemental addendum, and we are able to address the merits of his appeal.

A person is guilty of failing to comply with sex-offender registration and reporting requirements if he or she fails to register or verify registration, or fails to report a change of address as required. *See* Ark. Code Ann. § 12-12-904 (a)(1)(A)(I), (ii) (Supp. 2013). A person must register as a sex offender if he or she "[i]s serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt on or after August 1, 1997, for a sex offense, aggravated sex offense, or sexually violent offense." Ark. Code Ann. § 12-12-905(a)(2) (Repl. 2009). Morris argues that the State failed to

introduce sufficient evidence that he was required to register or that section 12-12-904 should even apply to him.[1]  We disagree.

When the sufficiency of the evidence is challenged in a criminal conviction, the appellate court views the evidence in the light most favorable to the State and considers only the evidence supporting the verdict. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). The conviction will be affirmed if it is supported by substantial evidence. *Id.* Substantial evidence is evidence of such sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

Under these standards, we review the evidence in the present case that supports the jury's finding of guilt.  State's Exhibit 15, a certified judgment from the Superior Court of Cobb County, Georgia, file-marked May 22, 1990, shows that Morris was convicted of enticing a child for indecent purposes and was "sentenced to confinement for a period of 10 years."  The judgment further orders that "upon service of 3 years of the above sentence, the remaining 7 years may be served on probation provided that [he] complies with . . . conditions herein imposed . . . ."  According to testimony, Morris registered as a sex offender in Arkansas on September 10, 2010.  On September 10, 2012, Morris signed an Arkansas document entitled "Sex Offender Verification Form," listing his address as 13914 North Highway 59, Gravette, Arkansas.  The document shows a "date verification due" as March

---

[1]Morris does not appeal his convictions on three counts of registered sex offender unlawfully residing near school, public park, youth center, or daycare.

2

10, 2013.[2]

Morris argued in his motion for a directed verdict that the State had not presented evidence that he was incarcerated or on probation on August 1, 1997. The State responded:

> Exhibit 15 [shows] the Defendant received a ten-year sentence in May of 1990, which would have kept him on some sort of supervision after August 1, 1997. It is difficult for the State to prove a negative; that the Defendant got off probation early because that information is not in the records from Georgia.

The trial court ruled that, absent documentation showing that the sentence had been shortened, "the certified prior conviction . . . would indicate that the Defendant would be required to register as a sex offender" in Arkansas. Morris again argued that there was no proof that he was on probation or incarcerated on August 1, 1997, and additionally argued that the court was being asked to presume that he was then being supervised. Based on the documentation presented by the State, the court denied the motion for a directed verdict and again ruled that Morris was required to register in Arkansas.

On appeal, Morris repeats the arguments he made below in his motion for a directed verdict. We find them to be without merit. The sentencing order from Georgia constitutes sufficient evidence to show that Morris was incarcerated or on probation on or after August 1, 1997. This constitutes sufficient evidence that he was required to comply with sex-offender registration and reporting requirements. *See* Ark. Code Ann. §§ 12-12-904 (Supp. 2013), 12-12-905 (a)(2) (Repl. 2009). The conviction is affirmed.

---

[2]The document also instructs the offender that "[i]n order to change your address . . . you must complete the change of address form at your local law enforcement agency." Morris does not dispute that he was living at a different address and had not completed a change-of-address form after initially registering.



Affirmed.

ABRAMSON and HOOFMAN, JJ., agree.

*David Hogue*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.