

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-1124

|  |  |
|---|---|
| | **Opinion Delivered** October 18, 2017 |
| LARRY WILLIAMS<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60CR–15–2107] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | AFFIRMED |

## BRANDON J. HARRISON, Judge

This appeal requires us to read Arkansas's sex-offender-registration law and decide how two particular statutes apply to Larry Williams, who was convicted by the circuit court of failing to comply with the law and sentenced to three years' imprisonment as a result. Ark. Code Ann. § 12-12-904 (Supp. 2015) (failure to comply with reporting and registration requirements). Williams argues on appeal that the State didn't prove that he had to register as a sex offender at all, so he couldn't have violated the law when he failed to report a change of address to law-enforcement officials. He doesn't contest the court's finding that he failed to keep law enforcement timely informed of his residence, if the law does apply to him.

I.

In February 1993, Williams pled guilty to rape. He was sentenced to forty years in the Arkansas Department of Correction (ADC) on that charge, among other things. He was discharged from the ADC on 27 June 2014.

In March 2016, the State filed an amended felony information and alleged that Williams had violated § 12-12-904 because he is a registered sex offender who had failed to report a change of address in May 2015 and had failed to register or verify his registration from 30 September 2015 to 1 February 2016.

Williams waived his right to a jury trial, so a bench trial was held in April 2016 before the Pulaski County Circuit Court. At trial, Detective Matt Harrelson testified that Williams registered with the police department as a sex offender on 1 July 2014. A "Sex Offender Acknowledgment Form" that Williams had signed on 30 March 2015 stated that he was to return on 30 September 2015, in person, to the Little Rock Police Department and verify his address. In May 2015, however, Detective Harrelson arrested Williams after determining that he was not living at the registered address. (The record doesn't explain precisely what happened after this arrest.) On 22 June 2015, Williams gave law enforcement a residential address of 1723 South Elm Street; but it was too close to a school or park, so Detective Harrelson allowed Williams time to move. The detective subsequently received a delinquent-verification-of-residency letter from the Arkansas Crime Information Center (ACIC) indicating that Williams had missed the September 30 deadline to verify his residence. On 12 November 2015, Detective Harrelson visited Williams's registered address

(1723 South Elm Street), and it appeared to be vacant. Because the detective didn't know where Williams was located, an arrest warrant issued, and he was arrested in due course.

Paula Stitz testified during the trial that she manages the state sex offender registry for the ACIC and, when asked, said that the effective date of the laws requiring sex offenders to register was 1 August 1997, that rape was a qualifying offense requiring registration, and that a person who had previously been convicted of rape and was serving a term of imprisonment on August 1, 1997, had to register when released from custody. On cross-examination, Stitz agreed that Williams's 1993 judgment and commitment order doesn't direct that he had to register as a sex offender.

Williams seized on the fact that the 1993 order doesn't expressly state that registration was required by arguing in his motion to dismiss below that the language in the "four corners" of the 1993 order doesn't contain the mandatory language required by § 12-12-906(A)(1)(a)(i), which states:

> At the time of adjudication of guilt, the sentencing court shall enter on the judgment and commitment or judgment and disposition form that the offender is required to register as a sex offender and shall indicate whether the:
>
> (a) Offense is an aggravated sex offense;
>
> (b) Sex offender has been adjudicated guilty of a prior sex offense under a separate case number; or
>
> (c) Sex offender has been classified as a sexually dangerous person.

Also at issue, however, is § 12-12-905 (titled "Applicability"), which states in pertinent part:

> (a) The registration or registration verification requirements of this subchapter apply to a person who:
> (1) Is adjudicated guilty on or after August 1, 1997, of a sex offense, aggravated sex offense, or sexually violent offense;

(2) Is serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt on or after August 1, 1997, for a sex offense, aggravated sex offense, or sexually violent offense[.]

According to Williams's motion to the circuit court, the State failed to establish that he had to register as a sex offender because he was convicted before the sex-offender-registration law was enacted; and his 1993 judgment and commitment order didn't state that he had to register as a sex offender. The State argued that the duty to register was "triggered by the fact that he was in the pen on August first of '97, convicted of rape, period." So Williams relies on section -906; and the State rests on section -905. The circuit court sided with the State, denied Williams's motion, and found him guilty under section -904 for failing to properly verify his address.

## II.

Does Arkansas's Sex Offender Registration Act capture Williams's 1993 conviction for rape so that he was required to timely inform law enforcement of a change of address and otherwise keep authorities informed of his whereabouts? Williams thinks not, because, as we've stated, his 1993 order doesn't, by its own terms, require him to register, though § 12-12-906(A)(1)(a)(i) states that it must. The State's counter on appeal, as before, is:

> To read the statute, as Appellant does, to mean there is no duty to register as a sex offender unless the sentencing court's judgment-and-commitment order says so leads to an absurd result. Certainly, the legislature did not intend for sex offenders convicted prior to August 1, 1997, and still serving sentences on or after that date, or for sex offenders convicted between 1997 and 2001, to escape the registration requirements simply because their judgment-and-commitment orders may not include a notation that they are required to register.

This case requires us to construe two statutes and apply them to the case without deferring to the circuit court's decision. *State v. Coble*, 2016 Ark. 114, at 3, 487 S.W.3d 370, 372 (de novo standard of review). A host of guiding principles can be recited when an appellate court must answer a statutory-interpretation question, but only a few need to be recited here. A primary one is to read the statutes in context and in a way that gives all words their ordinary and usually accepted meaning in common language. *Id.* At the end of our interpretive quest we must be able to report that "[w]e have not traveled, in our search for the meaning of lawmakers, beyond the borders of the statute." *United States v. Great Northern Ry. Co.*, 287 U.S. 144, 154 (1932) (Cardozo, J.). But we need not leave common sense at the door. *Dachs v. Hendrix*, 2009 Ark. 542, at 8–9, 354 S.W.3d 95, 101. And because two statutes are at issue here, they must be read harmoniously. Conflict between them must be avoided if possible. *Sesley v. State*, 2011 Ark. 104, at 3, 380 S.W.3d 390, 391.

The circuit court correctly denied Williams's motion to dismiss. His argument is defeated by § 12-12-905 and the case law. That statute states that the registration and registration-verification requirements apply to a person who was serving a sentence of imprisonment on or after 1 August 1997. Williams was in prison on, and long after, that date because he was not released without supervision until 2014. Even assuming for the sake of argument that section -905 was grammatically or syntactically unclear, our supreme court made it known years ago that section -905 applies to persons "still serving a sentence of incarceration, probation, parole, or other form of community supervision at the time of the Act's effective date, August 1, 1997." *Kellar v. Fayetteville Police Dep't*, 339 Ark. 274,

278, 5 S.W.3d 402, 404 (1999); *see also Williams v. State*, 351 Ark. 229, 233, 91 S.W.3d 68, 70 (2002) (applying this interpretation to a prior conviction in another state); *Morris v. State*, 2015 Ark. App. 454, at 3 (applying same reasoning). Here we may apply another principle of statutory construction: when a court interprets a statute its interpretation becomes a part of the statute. *Miller v. Enders*, 2013 Ark. 23, at 12, 425 S.W.3d 723, 730. Having favorably addressed the State's reliance on section –905, we turn to Williams's reliance on section –906.

For years, circuit courts have had to make a finding on a sentencing order, when it's proper to do so, that the defendant must register as a sex offender. *See* Ark. Code Ann. § 12-12-906(A)(1)(a)(i). But that requirement doesn't apply to Williams because section –906 wasn't enacted until 2001, years after Williams's 1993 order was entered. The requirement that a sentencing order must direct whether someone has to register as a sex offender was first promulgated by Acts of 2001, Act 1743, § 5, and became effective on 13 August 2001. Act of April 18, 2001, No. 1743, § 5. 2001 Ark. Acts 7615, 7625. It's remained the same since. *See, e.g.*, Ark. Code Ann. § 12–12–906(A)(1)(a)(i) (Supp. 2015). Moreover, the General Assembly has given no clear directive to apply section –906's requirements retroactively. *See Littles v. Flemings*, 333 Ark. 476, 970 S.W.2d 259 (1998); *see also* Brandon J. Harrison & Hans J. Hacker, *Arkansas's Retroactive-Legislation Doctrine*, 64 Ark. L. Rev. 903 (2011). Williams himself hasn't argued that section –906 should be applied retroactively so that its terms capture his 1993 order. We therefore disagree that § 12-12-906(A)(1)(a)(i) requires that the 1993 order had to direct Williams to register as a sex

SLIP OPINION

offender before any current registration or registration–verification requirements can govern his conduct.

## III.

The State established that Williams had been found guilty of committing a registerable sex offense (rape) under § 12-12-903(13)(A). It also showed that he was incarcerated on 1 August 1997, which according to § 12-12-905 and our supreme court's interpretation of it, means that the registration and verification requirements of the Arkansas Sex Offender Registration Act apply to Williams. And nothing in § 12-12-906 alters our conclusion. The circuit court's decision is affirmed in all respects.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.