Cite as 2020 Ark. App. 82

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–19–606

| | |
|---|---|
| ANTONIO JAMAR GUYTON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** February 5, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-18-146]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Antonio Jamar Guyton was convicted by a Benton County jury of failing to comply with the sex-offender reporting requirements. He was sentenced as a habitual offender to ninety months' imprisonment in the Arkansas Department of Correction. On appeal, he argues that the evidence was insufficient to support his conviction. Because of briefing deficiencies, we are unable to reach the merits of his argument and instead order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(5) provides:

(B) Form. The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. *In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used.* The question-and-answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

Ark. Sup. Ct. R. 4–2(a)(5)(B) (2019) (emphasis added).

Here, instead of abstracting the transcript in the manner provided by our rules, appellate counsel has provided summaries of the testimony of witnesses, arguments of counsel, and colloquies with the court. These summaries are formatted in a sometimes first-person, sometimes third-person narrative that is, at best, confusing. It also appears that in preparing the summaries, appellate counsel failed to abstract certain portions of the record and failed to indicate that the omitted portions are immaterial to our consideration of the issue on appeal. Given these deficiencies, this court is not convinced that the briefing before us contains a full and impartial condensation of the record as required by our rules.

As a result, we order rebriefing, and pursuant to Rule 4-2(b)(3), we direct counsel to file a substituted brief that cures these deficiencies within fifteen days of the date of this order. After service of the substituted brief, the State shall have the opportunity to revise or supplement its brief, or the State may choose to rely on the brief previously filed in this appeal. While we have noted the above-described deficiencies, we strongly encourage counsel to review our rules to ensure that no other deficiencies are present.

Rebriefing ordered.

GLADWIN and HARRISON, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.