Cite as 2020 Ark. App. 273

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–19–606

| | |
|---|---|
| | **Opinion Delivered:** April 29, 2020 |
| ANTONIO JAMAR GUYTON<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-18-146] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN F. GREEN, JUDGE |
| | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Antonio Jamar Guyton was convicted by a Benton County jury of failing to comply with the sex-offender reporting requirements. He was sentenced as a habitual offender to ninety months' imprisonment in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in denying his motions for a directed verdict, in denying his proffered jury instructions, and in allowing his previous registration forms to be admitted into evidence.[1] We affirm.

I. *Facts and Procedural History*

In January 2002, Guyton was convicted of fourth-degree sexual assault. At the time of his conviction, he was not required by law to register as a sex offender. In 2003, however,

---

[1]This appeal returns to our court following our order for rebriefing. *See Guyton v. State*, 2020 Ark. App. 82. The deficiency that necessitated rebriefing has been cured.

the Sex Offender Registration Act was amended to include fourth-degree sexual assault as one of the crimes for which registration is required. Acts of 2003, No. 1390 § 4 (effective July 16, 2003).

In January 2008, while under supervision for other crimes, Guyton was advised by his probation officer of his need to register as a sex offender. He completed his first sex-offender registration form at that time. In June 2015, Guyton pled guilty to the charge of failing to comply with sex-offender registration after he failed to provide law enforcement with his valid address. He was sentenced to certain conditions, including a provision that required him to continue registering as a sex offender. Guyton complied. When he subsequently registered as a sex offender in January 2017, the sex-offender registration form he signed listed the Pea Ridge, Arkansas,[2] address where he was living with his ex-wife Shirley Guyton as the registered address and the Pea Ridge Police Department as the registering agency.

In May 2017, Guyton was involved in an altercation with Shirley at his registered address. To avoid contact with the police, Guyton gathered all his clothes and left before they arrived. He initially went to his sister's address in Fayetteville, Arkansas, but within twenty-four hours of the incident with Shirley, he removed his ankle monitor, left Arkansas, and moved to Michigan. Guyton did not inform the Pea Ridge Police Department of his intended move, nor did he inform them after the move was completed. Based on the above events, the Benton County prosecutor filed an information in February 2018 charging

---

[2]Pea Ridge is located in Benton County, Arkansas.

Guyton as a habitual offender with once again failing to comply with the sex-offender reporting requirements.

Guyton filed a motion to dismiss the charges, raising several reasons for dismissal: (1) that when he was originally sentenced in 2002, he had not been ordered by the court to register as a sex offender; (2) that in 2008 when probation and parole determined he was required to register, probation and parole had no legal authority to require him to do so; and (3) that at the time the registration determination was made, he had already completed his sentence. In response, the State argued that Guyton was required under Arkansas law to register as a sex offender because (1) the 2003 amendments to the Sex Offender Registration Act rendered his offense registerable and applied retroactively; (2) Guyton was required to register pursuant to his 2015 plea agreement in which he also admitted his prior obligation to register under the Act; and (3) at the time the new registration requirements were effective, Guyton had not completed his sentence but was still under a suspended imposition of sentence (SIS) and thus was under community supervision.[3] Guyton replied, arguing that SIS is implemented without supervision and thus is not community supervision as contemplated by the registration statute's retroactivity guidelines. The circuit court denied Guyton's motion to dismiss, finding that the statute applied retroactively, and that Guyton's suspended sentence constituted community supervision.

The State then filed a motion in limine to prevent Guyton from arguing that he was not required to register, as that issue presented a matter of law for the court to decide and

_____

[3]In January 2002, Guyton was sentenced to one year in jail with eight months suspended for his sexual-assault conviction.

3

would result in a request for improper "jury nullification." Guyton responded that the information was admissible, because the State had the burden of proving that he was required to register as an element of the offense. The court granted the State's motion in limine prohibiting Guyton from arguing that the jury could decide whether he was legally required to comply with the sex-offender registration statutes.

Thereafter, Guyton filed his own motions in limine in an attempt to prevent the state from introducing his 2015 conviction for failure to register under Arkansas Rules of Evidence 401 and 403. Citing *Reed v. State*, 2012 Ark. App. 225, he claimed that the conviction was not relevant under Rule 401 and that its probative value was outweighed by its prejudicial effect. He also sought to prevent the State from introducing evidence of his status as a parolee. The State argued that such evidence was admissible because Guyton had not stipulated to his status as a registered sex offender, and such evidence was admissible to prove an element of the offense charged. The State further argued that his status as a parolee was admissible because his removal of his ankle monitor at his last known location prior to fleeing the state was relevant to prove he was not complying with his reporting requirements and was part of the res gestae of the offense.

The trial court held that the 2015 conviction was admissible. In doing so, the court noted its previous ruling that Guyton had been adjudicated of a sex offense requiring registration, and under Rule 404(b), the 2015 conviction was admissible as proof of Guyton's knowledge that he was required to register. The court also found that it was a prior conviction which ordered him to register and was thus admissible on that ground as

4

well. The court then took under advisement Guyton's request that the jury not be informed of his status as a probationer/parolee.

The case proceeded to trial, and Guyton was convicted as a habitual offender with failing to comply with the registration requirements. Guyton has timely appealed, arguing that the trial court erred in denying his motions for a directed verdict, in denying his proffered jury instructions, and in allowing his previous registration forms to be admitted into evidence.

## II. *Analysis*

## A. Directed Verdict

At trial, Guyton made a motion for a directed verdict on two grounds. First, he argued that the State failed to prove that the Benton County Circuit Court had jurisdiction. Second, he argued that the State failed to prove that he was required to register as a sex offender.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Bowman v. State*, 2019 Ark. App. 240, 574 S.W.3d 235. When reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id.* The sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.*

5

## 1. *Jurisdiction*

Guyton first argues that the trial court erred in denying his motion for directed verdict, claiming that the Benton County Circuit Court lacked jurisdiction. More specifically, he argues (1) that the State failed to prove that he had not registered in Michigan, (2) that the trial court lost jurisdiction when he left the state, and (3) that the trial court lost jurisdiction when he completed his sentence without the registration requirement being noted on his 2002 sentencing order. For the reasons listed below, we are not persuaded by Guyton's arguments.

Generally, the State "is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue." Ark. Code Ann. § 5-1-111(b) (Repl. 2013). Our supreme court has noted that "§ 5-1-111(b) created a presumption in favor of jurisdiction in the place where the charge is filed by the State." *Cates v. State*, 329 Ark. 585, 589, 952 S.W.2d 135, 137 (1997) (citing *Higgins v. State*, 317 Ark. 555, 558, 879 S.W.2d 424, 425 (1994)). Thus, the State need not offer proof of jurisdiction unless there has been a showing of positive evidence that the offense occurred outside the court's jurisdiction. *Smith v. State*, 367 Ark. 274, 284, 239 S.W.3d 494, 502 (2006) (citing *Findley v. State*, 307 Ark. 53, 818 S.W.2d 242 (1991)); *DeWitt v. State*, 306 Ark. 559, 561, 815 S.W.2d 942, 943–44 (1991). Positive evidence consists of something allowing the fact-finder to identify, based on the record, where the crime occurred. *Dix v. State*, 290 Ark. 28, 32, 715 S.W.2d 879, 881 (1986).

The Sex Offender Registration Act provides very specific reporting requirements for sex offenders. A registered sex offender who changes his address within the state must report

6

the change of address to the local law enforcement agency[4] having jurisdiction no later than ten days before he establishes residency or is temporarily domiciled at the new address.[5] Ark. Code Ann. § 12-12-909(b)(1)(A) (Supp. 2015). Likewise, a registered sex offender who seeks to change his address to another state must register the new address with the local law enforcement agency having jurisdiction and with a designated law enforcement agency in the state to which he is moving, no later than 10 days *before* he established residency or is temporarily domiciled in the new state, if the new state has a registration requirement.[6] Ark. Code Ann. § 12-12-909(c)(1). A reporting violation is a strict-liability offense under the Act, but an offender is afforded an affirmative defense if the person delayed reporting a change of address because of an eviction, natural disaster, or any other unforeseen circumstance and if the offender provided a new address to the local law enforcement agency having jurisdiction no later than five business days after residency is established. Ark. Code Ann. § 12-12-904(a)(2)(A)–(B).

Here, Guyton registered as a sex offender in Benton County, and the Pea Ridge Police Department was the local law enforcement agency having jurisdiction under the act.

---

[4]Local law enforcement agency having jurisdiction is defined as the "chief law enforcement officer of the municipality in which a sex offender resides or expects to reside. Ark. Code Ann. § 12-12-903(6)(A)(i).

[5]Act 262 of 2019 has since changed the reporting requirement from ten days to five days.

[6]Act 262 of 2019 also changed the reporting requirement in this section from ten days to five days.

Guyton provided the Pea Ridge Police department with a local address. He left his registered address in May 2017, taking all his personal belongings. He never returned to his registered address and never notified local law enforcement in Benton County of his new address as required by the registration statute. Under each of the foregoing statutory schemes, Guyton was required to register his new address with the local authorities in Benton County. He failed to do so. The court clearly had jurisdiction under these facts.

2. *Retroactivity of the 2003 amendments to the Sex Offender Registration Act*

Guyton next argues that the trial court erred in denying his motion for a directed verdict, arguing that he did not have a statutory duty to register as a sex offender because the 2003 amendments to the Sex Offender Registration Act cannot be applied retroactively to him. He claims that, because he was not incarcerated or under supervision at the time the Act took effect, the new amendments could not be applied retroactively to him. He further contends that the amendments could not be applied retroactively in the absence of a notation on his 2002 sentencing order. His arguments have no merit.

First, we have previously addressed the retroactivity of the Sex Offender Registration Act in *Williams v. State*, 2017 Ark. App. 526, 532 S.W.3d 614. In that case, Williams pled guilty to rape in February 1993. He was sentenced to forty years in the Arkansas Department of Correction but was discharged in June 2014. He was subsequently convicted for failure to comply with the sex-offender registration statute. He appealed his conviction, arguing that the State had failed to establish that he had to register as a sex offender because he was convicted before the sex-offender-registration law was enacted and because his 1993 judgment and commitment order did not state that he had to register. We disagreed. We

8

held that the State had established that Williams had been found guilty of committing a registerable sex offense (rape) under § 12-12-903(13)(A); that Williams was incarcerated in August 1997; that under our supreme court's interpretation of § 12-12-905 the registration and verification requirements of the Arkansas Sex Offender Registration Act applied to him; and that, finally, nothing in § 12-12-906 requiring notation on the judgment and commitment order altered our conclusion. We conclude that *Williams* is controlling.

Arkansas Code Annotated section 12-12-905(a)(1) requires registration by a person who, on or after August 1, 1997, has been adjudicated guilty of a qualifying sex offense. Fourth-degree sexual assault is a qualifying sex offense subject to the Act's reporting requirements. Ark. Code Ann. § 12-12-903(13)(i)*(f)*. Guyton was convicted of this qualifying sex offense in 2002. It makes no difference that his 2002 sentencing order did not order him to register as a sex offender; he was required to register because he committed a qualifying offense on or after August 1, 1997. A person is subject to the requirements of the Sex Offender Registration Act regardless of whether it was reflected on the original judgment. *See Justus v. State*, 2012 Ark. 91.

Further, the retroactive application of the registration statutes is not unconstitutional because the registration requirements are regulatory rather than punitive in nature and because there is a rational basis for the statute. *See Wyly v. State*, 2018 Ark. App. 505, at 4, 559 S.W.3d 326, 328; *Ray v. State*, 2017 Ark. App. 574, 533 S.W.3d 587. Accordingly, the registration requirements can be retroactively applied to him. He was required to register as a sex offender and failed to do so.

Next, Guyton contends that he had completed his sentence at the time the amendment adding fourth-degree sexual assault as a "sex offense" became effective and that, because he was not incarcerated or under "supervision," the statute does not apply. Essentially, without citation to authority, Guyton argues that a suspended imposition of sentence is not community supervision under the Sex Offender Registration Act. We disagree.

As the State notes, the attorney general has issued an opinion stating, "It is my opinion that . . . a person who received a suspended imposition of sentence was under a form of community supervision" and that the registration requirements applied to those persons who received a suspended imposition of sentence. Op. Ark. Att'y Gen. No. 278 (1997). We recognize that attorney general opinions are not binding on this court, but we have held that they can be persuasive. *See Jefferson Cty. Election Comm'n v. Wilkins ex rel. Jefferson Cty.*, 2018 Ark. 184, at 7, 547 S.W.3d 58, 62; *Mississippi Cty. v. City of Blytheville*, 2018 Ark. 50, 538 S.W.3d 822. Given the purpose for requiring registration, we cannot conclude that suspended sentences should be treated any differently than probation or parole. Therefore, we conclude that a suspended imposition of sentence is a form of community supervision under the Sex Offender Registration Act.

Finally, Guyton was ordered to register as a sex offender in 2015 upon entry of his guilty plea. He never directly challenged the court's requirement that he register as a sex offender and to do so now would be an impermissible collateral attack on the judgment. *See Wicks v. State*, 2010 Ark. App. 499, 375 S.W.3d 769.

## B. Jury Instructions

Guyton next argues that the trial court erred in its instructions to the jury. He wanted the court to instruct the jury regarding the law in existence in 2002—the time of his sex-offense conviction. More specifically, he wanted the jury to be instructed that the sentencing court was required to note the registration requirement on the judgment and disposition order; that the registration statutes in 2002 did not include fourth-degree sexual assault as a registerable offense; and that his 2002 judgment and commitment order did not require him to register as a sex offender. He contends that the court's failure to provide these instructions was in error.

A party is entitled to a jury instruction when it is a correct statement of the law and when there is some basis in the evidence to support giving the instruction. *Barnes v. Everett*, 351 Ark. 479, 492, 95 S.W.3d 740, 748 (2003). The trial court's decision to give or reject an instruction will not be reversed unless the court abused its discretion. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 459, 47 S.W.3d 866, 885 (2001).

Here, Guyton proffered these jury instructions so that he could argue to the jury that he was not required to register as a sex offender. Because Guyton was required to register as a sex offender, the proffered jury instructions are not a correct statement of the law. Therefore, the trial court did not abuse its discretion in rejecting the proffered instructions.

## C. Admission of Evidence

As his last point on appeal, Guyton argues that the trial court erred in admitting his previous registration forms into evidence, claiming that their introduction was more prejudicial than probative. More specifically, he argues that there was no probative value

11

to entering the documents except to show that he registered unnecessarily once he was directed to do so by his probation officer.

We have addressed this same argument before in *Reed v. State*, 2012 Ark. App. 225. There, Reed was charged with failing to comply with the registration requirements, and evidence of his previous failures to register as a sex offender was admitted. We found no error in the admission of this evidence. We noted that the sex-offender-registration requirements are mandatory and that failure to comply with those duties is a strict-liability offense. *Adkins v. State*, 371 Ark. 159, 163–66, 264 S.W.3d 523, 526–27 (2007) (holding that there is no *mens rea* component in a failure-to-register-as-a-sex-offender context). Because it is a strict-liability offense, a person who fails to act in accordance with the statutory requirements completes the offense. As such, we concluded that the disputed evidence of Reed's prior violation of the registration requirement was neither prejudicial nor probative, but at worst, the evidence could be viewed as irrelevant or cumulative, neither of which had prejudiced Reed. *See also Smith v. State*, 354 Ark. 226, 241, 118 S.W.3d 542, 551 (2003). Accordingly, we held that, in this strict-liability context, the irrelevant and cumulative evidence was not prejudicial. *See also Threadgill v. State*, 347 Ark. 986, 69 S.W.3d 423 (2002). As such, we declined to say that the trial court abused its discretion in admitting proof of Reed's prior failure to comply with the mandatory-reporting requirements set out by our legislature.

We conclude that *Reed* is controlling. Guyton failed to comply with the requirements of the Sex Offender Registration Act. His failure to comply completed the offense. As such, even if we were to hold that the evidence of his previous registrations and prior guilty plea

was inadmissible, Guyton was not prejudiced by the trial court's admission of such evidence, and no reversible error occurred.

Affirmed.

GLADWIN and BROWN, JJ., agree.

*Tara Ann Schmutzler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.