Cite as 2023 Ark. App. 213

# ARKANSAS COURT OF APPEALS
DIVISION IV

No. CR-22-535

| | |
|---|---|
| JAMES DANIEL KOONCE<br>APPELLANT | Opinion Delivered April 12, 2023 |
| | APPEAL FROM THE POPE<br>COUNTY CIRCUIT COURT<br>[NO. 58CR-20-1089] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JAMES DUNHAM,<br>JUDGE |
| | AFFIRMED |

**CINDY GRACE THYER, Judge**

James Daniel Koonce appeals a Pope County Circuit Court order amending his original sentencing order to include a sex-offender-registration requirement. He asserts that because he was not subject to a revocation hearing, the trial court lacked the authority to alter his sentence. We disagree and affirm.

In September 2021, James Koonce entered a negotiated plea of nolo contendere to one count of video voyeurism,[1] a Class D felony, and one count of possession of a controlled substance, a Class A misdemeanor. He was sentenced to four years' probation. At the time of his plea, video voyeurism was a qualifying sex offense subject to the requirements of the

---

[1]The video-voyeurism charge arose out of an allegation that Koonce secretly recorded a sexual encounter in the shower of his dorm room.

Sex Offender Registration Act of 1997 (SORA).[2] Ark. Code Ann. § 12-12-903(13)(i)(y). However, neither the sentencing order nor the conditions of probation specified that Koonce was required under the SORA to register as a sex offender. In fact, the sex-offender-registration provision of the sentencing order was actually marked no, indicating Koonce was not required to register as a sex offender.

Approximately two months later, on November 30, 2021, the State filed a petition to amend Koonce's sentencing order to include the sex-offender-registration requirement. The State asserted that the crime for which Koonce pled guilty required registration and that the sentencing order incorrectly noted that it did not. The State admitted in its petition that neither party had discussed the registration requirement at the plea hearing but claimed that Arkansas law requires registration and that the sentencing order should be amended to comply with Arkansas law.

Koonce responded, admitting that video voyeurism is an enumerated offense in the SORA but denied that the sentencing order should be amended to require registration. He asserted that modification of the order was prohibited because his sentence had already been placed into execution and that his sentence could not be altered absent a revocation. Essentially, Koonce argues that the circuit court lacked jurisdiction to amend the order.

---

[2]Ark. Code Ann. §§ 12-12-901 et seq. (Repl. 2016 & Supp. 2021).

Without a hearing, the court amended the sentencing order on June 15, 2022. The amended order requires Koonce to register as a sex offender and orders him to complete the sex-offender-registration forms. Koonce timely appealed.

On appeal, Koonce argues, as he did below, that the circuit court lacked authority to amend the sentencing order due to the limitations contained in Arkansas Code Annotated section 5-4-301 (Supp. 2021).[3] Section 5-4-301(d) provides:

(2) The entry of a judgment of conviction does not preclude:

> (A) The modification of the original order suspending the imposition of sentence on a defendant or placing a defendant on probation following a revocation hearing held pursuant to § 16-93-307; and

> (B) A modification set within the limits of §§ 16-93-309 and 16-93-312.

Because the statute employs the conjunctive "and" between the two subdivisions, Koonce contends that, pursuant to our rules of statutory construction, both subsections must be satisfied before the court may entertain a modification. Because no revocation hearing was held, the court lacked the statutory authority to modify the sentence.

He further argues that, even if the subdivisions in § 5-4-301(d)(2) are viewed as separate provisions, neither allows the circuit court to amend the sentencing order as it did here. In short, Koonce argues that section 5-4-301(d)(2)(A) and section 16-93-309 are only

---

[3]In making this argument, he also notes that prior caselaw made it clear that a court lost subject-matter jurisdiction to modify or amend an original sentence once the sentence was placed into execution and that Act 1569 of 1999 (Arkansas Code Annotated section 5-4-301) modified the rule only to the extent it allowed modification or amendment of an original sentence after revocation.

implicated following a revocation hearing and that section 16-93-312 is inapplicable on these facts.

While Koonce may well be correct in his analysis of section 5-4-301(d), his argument is misplaced. Koonce was charged and pled no contest to the crime of video voyeurism. Arkansas Code Annotated section 12-12-905(a)(1) requires that a person adjudicated guilty of a qualifying sex offense after August 1, 1997, register as a sex offender. Video voyeurism is a qualifying sex offense subject to the Act's reporting requirements. Ark. Code Ann. section 12-12-903(13)(i)(y). Thus, under the plain language of the statute, Arkansas Code Annotated section 12-12-905(a)(1) mandates Koonce's registration as a sex offender separate and apart from the trial court's authority to modify a sentence pursuant to Arkansas Code Annotated section 5-4-301(d). Therefore, it makes no difference that Koonce's original sentencing order did not require him to register; the SORA mandated it. As a matter of fact, a person is subject to the requirements of the SORA regardless of whether it was reflected on the original judgment. *See Justus v. State*, 2012 Ark. 91; *Guyton v. State*, 2020 Ark. App. 273, 601 S.W.3d 440.

Koonce also attempts to characterize the court's authority to amend the sentencing order as one of subject-matter jurisdiction. Again, his characterization is misplaced. The registration and notification components of the SORA are regulatory in nature and not a form of punishment. *Justus, supra*. Because sex-offender registration is not a form of punishment, it is not a criminal sentence. *See Sullivan v. State*, 2012 Ark. 74, 386 S.W.3d 507. Once Koonce was adjudicated guilty of an offense covered by the SORA, the SORA

4

mandated that the circuit court note on his sentencing order that he was required to register as a sex offender. *See* Ark. Code Ann. § 12-12-906(a). Since the registration requirement was not part of his sentence, the trial court was entitled to correct its error in omitting the SORA requirements from the original sentencing order. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam). A court can correct what amounts to a clerical error at any time. *See Misenheimer v. Hobbs*, 2012 Ark. 343 (per curiam).

Koonce also argues, correctly, that the circuit court can dispense with the registration requirement required by the SORA if it finds that there was no evidence of force, compulsion, threat, or intimidation in the commission of the offense. Ark. Code Ann. § 12-12-906(a)(1)(A)(iii)*(b)*. However, Koonce did not raise this argument before the circuit court either at the plea hearing or in his response to the motion to amend the sentencing order. As such, he has failed to preserve this argument for our review. A party must raise issues to the trial court to preserve them for appeal. *Kennedy v. State*, 2021 Ark. App. 413, 635 S.W.3d 524; *Lane v. State*, 2015 Ark. App. 672.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Tim Cullen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.