SHAWN A. WOMACK, Associate Justice | Appellant Richard Shreck appeals the circuit court’s ruling admitting into evidence, during the sentencing phase of his trial, conversations regarding “snuff’ sex. Appellant argues the conversations were irrelevant and unduly prejudicial. We affirm the judgment of the circuit court. Facts and Procedural Background The appellant entered an online chat-room and began to chat with a police officer trained to investigate crimes against children. The chatroom, which they were both in, typically includes people who chat about sexually deviant behavior, including sexually exploiting children. The online profile of the officer was that of a single mother of a ten-year-old daughter and an eight-year-old son whom she was willing to make available for the sexual gratification. of the chatroom participants. The conversation between appellant and the officer involved sexual acts with the officer’s imaginary children. Appellant |aultimately made arrangements to meet the officer and her imaginary children at a parking lot in Conway and take them to Hot Springs for sex. Upon meeting the officer, the appellant was placed in custody. During the online conversations, appellant admitted that he was interested in “snuff’ and bondage sex. He also stated that he had thought about snuffing a child. Further, during one of the conversations, appellant sent a picture of a device he made for snuffing women. He also asked for pictures of the officer’s imaginary children and stated that he was talking about snuff sex with others, including a sixteen-year-old girl. Testimony at trial described snuff sex as killing someone during or after sex and indicating that it may be done by impaling someone with a sharpened rod. Appellant was ultimately charged with two counts of conspiracy to commit rape and two counts of attempted internet stalking of a child. The internet-stalking charges were nolle prossed by the State. A jury subsequently convicted the appellant of two counts of conspiracy to commit rape and sentenced him to 30 years in prison on each count. During the sentencing phase, the officer testified regarding the conversations centered on “snuff’ and bondage sex. Additionally, the State entered into evidence pictures that depicted women being impaled during sex, which were found on the defendant’s computer, as well as the picture of the device the defendant made for impaling women. Standard of Review A circuit court’s decision to admit evidence during the penalty phase is reviewed for an abuse of discretion. Crawford v. State, 362 Ark. 301, 303, 208 S.W.3d 146, 147 (2005); Brown v. State, 2010 Ark. 420, at 12, 378 S.W.3d 66, 73. Determining what is relevant and what is prejudicial is at the discretion of the court. MacKool v. State, 365 Ark. 416, 449-50, 231 S.W.3d 676, 701 (2006). The standard “is a high threshold that does not simply require error in the circuit court’s decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration.” Holland v. State, 2015 Ark. 341, at 7, 471 S.W.3d 179, 184. Abuse of discretion The Arkansas Code provides that relevant character evidence is admissible during the sentencing phase of a trial. Ark. Code Ann. § 16-97-103(5) (Repl. 2016). Therefore, while the rules of evidence apply during all stages of the proceeding, certain evidence is admissible during sentencing that would not be admissible at trial. Brown, 2010 Ark. at 12, 378 S.W.3d at 73. I. Relevancy Relevant information is evidence having “any tendency to make the existence of any fact that is of consequence to the determination, of the action more probable or less probable than it would be without the evidence.” Ark. R. Evid. 401; Echols v. State, 326 Ark. 917, 957, 936 S.W.2d 509, 529 (1996). For example, in Crawford we held that testimony from a detective about subsequent drug-related searches was relevant regarding defendant’s character during a sentencing proceeding for current drug related charges. 362 Ark. at 306, 208 S.W.3d at 149. In the instant case, the circuit court did not abuse its discretion. Here, the appellant was found guilty by a jury of two counts of conspiracy to commit rape; a crime involving deviant sexual activity— in this case with two minor children. The snuff-sex evidence 1¿presented by the State in the sentencing phase also includes deviant sexual activity on the part of the appellant in both fantasy and in taking initial actions toward that fantasy and is therefore relevant character evidence. The evidence clearly has a “tendency” of proving a fact of consequence in the sentencing proceeding. II. Unduly Prejudicial Value Although evidence is relevant, it may nonetheless be excluded if “its probative value is substantially outweighed by the danger of unfair prejudice.” Ark. R. Evid. 403. Further, “[t]he fact that evidence is prejudicial to a party is not, in itself, reason to exclude evidence. The danger of unfair prejudice must substantially outweigh the probative value of the evidence.” Branstetter v. State, 346 Ark. 62, 74, 57 S.W.3d 105, 113 (2001). Lastly, bare conclusory allegations regarding prejudice are not sufficient to carry an Appellant’s burden on appeal. See Diemer v. State, 365 Ark. 61, 67, 225 S.W.3d 348, 352 (2006). In Walls v. State, we reversed a sentence for a defendant when it was based on irrelevant impact-panel testimony. 336 Ark. 490, 499, 986 S.W.2d 397, 402 (1999). Walls pleaded guilty to five counts of rape, and during the sentencing phase for the rape charges the prosecution introduced victim-impact testimony regarding Walls’s involvement in an uncharged, unproven murder. 336 Ark. at 499, 986 S.W.2d at 402. We specifically noted that the rapes that occurred were vile and sickening, but it is a foundation of our criminal justice system that we do not sentence defendants for unproven, uncharged crimes. 336 Ark. at 500-01, 986 S.W.2d at 402-03. We therefore held the testimony was both irrelevant and unfairly prejudicial. Id. [fiHere, the evidence is obviously prejudicial to the defendant. However, the question is whether the evidence is unfairly prejudicial. See Lard v. State, 2014 Ark. 1, at 6, 431 S.W.3d 249, 258. (“This court has observed that evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice.”) We hold that the evidence in this case is not unfairly prejudicial. Further, unlike Walls, there is no indication that the Appellant in this case was sentenced for an uncharged and unproven crime. The Appellant was convicted of conspiracy to commit rape of two minor children and the snuff-sex conversations took place during the planning of the act. Additionally, during those conversations, he not only expressed his interest in snuff sex, but also indicated that he was interested in performing it with minors. The snuff-sex conversations are therefore highly probative and relevant to the crimes for which he was convicted. Appellant’s allegation that the sentence imposed indicates unfair prejudice is con-clusory and not enough to carry his burden on appeal. We have noted that a defendant who has received a sentence within the statutory range short of the maximum sentence cannot show prejudice from the sentence itself. Bond v. State, 374 Ark. 332, 340, 288 S.W.3d 206, 212 (2008). While the Appellant in this case did receive the maximum sentence, he must still show that any prejudice outweighs the probative value of the evidence. The evidence presented in the sentencing phase is highly relevant to the appellant’s character, and he has not shown that the prejudicial effect is to such a degree that the evidence should be excluded. Accordingly, the evidence is not unfairly prejudicial. Because the evidence regarding “snuff’ sex was both relevant and not unduly prejudicial, we hold that the circuit court did not abuse its discretion by admitting the evidence during the sentencing phase of the trial. Affirmed. Hart, J., dissents.