MIKE MURPHY, Judge
On December 7, 2016, a Miller County jury convicted appellant Ronald Anthony Antoniello of thirty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child in violation of Arkansas Code Annotated section 5-27-602 (Repl. 2013). He received ten-year sentences on each count, to run consecutively, for a total of 300 years in the Arkansas Department of Correction. He now appeals, arguing that the circuit court erred in (1) admitting evidence of other child pornography for which he was not charged; (2) admitting testimony from Antoniello's former stepdaughter about past molestation by Antoniello; and (3) denying Antoniello's Batson challenge. We affirm.
This appeal centers around three pretrial motions and the consequences of those rulings. The relevant facts are these. At the trial, the State presented evidence that the cyber-crimes unit of the Arkansas Attorney General's Office had identified a computer that had downloaded videos of child pornography using a BitTorrent client. The investigator, James Lett, subpoenaed the internet service provider to find out the name and address of the subscriber corresponding to the IP address identified during the investigation. The information returned identified Antoniello. A search warrant was issued, and a search was conducted at Antoniello's home.
During the search, the investigators discovered a computer and a hard drive that contained suspected videos and images of child pornography. The computer and hard drive also contained search terms that are *880 known to be used by people searching for illegal child pornography. There were also lists of websites, DVDs, CDs, and other items found at the home.
Before trial, the State indicated its intention to introduce evidence pursuant to Arkansas Rule of Evidence Rule 404(b). The trial court allowed the introduction of Rule 404(b) evidence over Antoniello's objection. In particular, Agent Chris Cone testified that Antoniello's computer had "over three thousand" images or videos depicting child pornography. However, Antoniello was not charged with possession of these images or videos and none of the "three thousand" images or videos were introduced at trial. The court overruled Antoniello's objection and allowed Agent Cone to testify to the amount of child pornography he found through his investigation.
In that same motion, the State also sought to offer evidence of "other instances of sexual acts involving children." The court granted the motion, and at sentencing, the State introduced evidence that involved Antoniello's former stepdaughter, who lived in Florida and whom he had not seen for nearly forty years. The stepdaughter testified about how Antoniello had sexually assaulted her when she was only nine or ten years old.
Finally, Antoniello challenges on appeal the State's peremptory strikes against two black jurors during jury selection. Antoniello, however, made his challenge on this point to the court after the jury had been sworn in. Antoniello argued that the State did not provide a race-neutral reason for the strikes. The court found the motion was not timely and denied it.
This appeal follows.
I. References to Additional Child Pornography
As previously mentioned, the circuit court permitted the State to introduce, over Antoniello's objection, testimony that Antoniello's computer contained "over three thousand" child-pornography images, for which Antoniello was not charged with possessing. Antoniello objected to the Rule 404(b) evidence on the basis of Arkansas Rule of Evidence 403, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.
Arkansas Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove character, but the evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Circuit courts are afforded wide discretion in evidentiary rulings; specifically, a circuit court's ruling on issues relating to admission of evidence under Rules 401, 403, and 404(b) is entitled to great weight and will not be reversed absent an abuse of discretion. Anderson v. State , 2009 Ark. App. 804, 372 S.W.3d 385.
On appeal, Antoniello contends the "over three thousand" reference was not used to show any of the elements in Rule 404(b) but to persuade the jury that the sheer number of other images should be considered as additional counts for which the jury should punish, because the State referenced it again in closing:
And so, I'm gonna ask you to strongly consider the upper range of punishment for each and every one of those. And the reason is, is each and every one of those children in those thirty images, and keep in mind, that thirty images is just a small fraction, right, of the over three thousand, and that's just the three thousand that Agent Cone was able to say for sure are under the age of eighteen.
*881 One of the elements the State is required to prove is that the defendant knowingly distributed, possessed, or viewed matter depicting sexually explicit conduct involving a child. See generally Steele v. State , 2014 Ark. App. 257, at 9-10, 434 S.W.3d 424, 430. The number of images found on Antoniello's computer is probative of his intent, lack of mistake, and knowledge and was thus properly admitted under Rule 404(b). See, e.g. , id. We cannot say that the circuit court abused its discretion in allowing the State to prove its case as conclusively as possible by referring to the total number of images found on Antoniello's computer. Id.
II. Testimony of Former Stepdaughter
For his second point on appeal, Antoniello argues that the circuit court abused its discretion by admitting the testimony of his former stepdaughter, Angela, that he had sexually assaulted her when she was a child.
Relevant evidence at a sentencing hearing includes relevant character evidence, evidence of aggravating and mitigating circumstances, and evidence relevant to guilt presented in the first stage of trial. Ark. Code Ann. § 16-97-103(5), (6), (7) (Repl. 2016); Crawford v. State , 362 Ark. 301, 306, 208 S.W.3d 146, 149 (2005). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. R. Evid. 401 (2017). However, although evidence is relevant, it may nonetheless be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." Ark. R. Evid. 403. The danger of unfair prejudice must substantially outweigh the probative value of the evidence. Shreck v. State , 2017 Ark. 39, at 4, 510 S.W.3d 750, 752. The circuit court has wide discretion in admitting evidence, and its discretion will not be reversed without an abuse of discretion. Huff v. State , 2012 Ark. 388, at 7, 423 S.W.3d 608, 612.
Here, during the sentencing phase of the trial, the witness testified that one of the faces photoshopped onto the known images of child pornography was her sister. She also identified herself and her sister in photographs found at Antoniello's residence with titles such as "my lovers" and "My 10 year old lover." She ultimately testified that Antoniello had sexually assaulted her when she was a child.
Given the above facts and testimony, it was within the discretion of the circuit court to admit this testimony as relevant evidence of Antoniello's character, an aggravating circumstance, and guilt. Her testimony about the evidence found at Antoniello's apartment and his history of attraction to underage girls was relevant to his character and the crimes for which he was convicted, and it tends to make Antoniello's argument at closing that he possessed child pornography because he was "simply intrigued" when "he stumbled across it" less probable than it would be without the evidence. Accordingly, the probative value outweighs any prejudice in this instance, and we hold that the circuit court did not abuse its discretion in admitting it.
III. BatsonChallenge
Finally, Antoniello argues that the State exercised two peremptory strikes against black jurors without giving a race-neutral reason, contrary to Batson v. Kentucky , 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (holding that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits prosecution from striking a prospective juror as a result of racially-discriminatory *882 intent). The State argues that Antoniello's challenge was untimely and is therefore not preserved for our review. We will regard a Batson challenge as timely so long as the objection is made before the jury is sworn. Weston v. State , 366 Ark. 265, 271, 234 S.W.3d 848, 854 (2006). Here, the jury was selected and sworn on November 28, 2016. The trial began on December 6, 2016. Antoniello did not raise his Batson challenge until the day of trial, over a week after the jury had been sworn. Because his Batson challenge was untimely, he failed to preserve it for review by this court.
Affirmed.
Virden and Klappenbach, JJ., agree.