LARRY D. VAUGHT, Judge
David Mondy appeals his conviction by a Johnson County Circuit Court of two counts of second-degree sexual assault. We affirm.
On April 19, 2017, a Clarksville kindergarten class was learning about "good touches and bad touches" when six-year-old Z.P. yelled out "my daddy tickles my private parts." Counselor Laura Hyden testified at Mondy's trial that she then spoke to Z.P. outside of class and, as a result of that conversation, called the child-abuse hotline to report possible abuse.
*463 Z.P. testified that Mondy is her mother's boyfriend and that although he is not her biological father, she calls him "daddy." She testified that Mondy touched her "private parts" with his hand and his mouth. She demonstrated what she meant by "private parts" and explained that the touching occurred at her house and at an apartment where they had previously lived. Z.P. also testified that she had seen Mondy's private parts, had seen him touch his penis (she demonstrated this gesture by moving her hand up and down with a closed fist), and had seen "water" or "soap" come out of his penis.
Prior to trial, the State requested and was granted permission to introduce evidence that Mondy is a registered sex offender as a result of a conviction that occurred seventeen years before trial. However, on the day of Mondy's trial, his half-sister M.B., who had been the minor victim in the previous case, told the prosecutor that she did not remember the events that led to Mondy's conviction. She also stated that she and Mondy had reconciled and that she did not want to testify against him. The State nevertheless called her as a witness, and the court overruled Mondy's objection that it was improper for the State to call her knowing that she would deny knowledge of the previous incident. M.B. testified that she was not allowed to have any contact with Mondy for several years but stated that she did not remember making allegations that Mondy had engaged in sexual contact with her as a child.
Mondy testified that he had not engaged in any sexual acts with Z.P. but worried that she had inadvertently seen explicit photos that Mondy and Z.P.'s mother exchanged on their phones. He admitted that he is a registered sex offender as a result of allegations of sexual impropriety that M.B. made against him seventeen years ago. He described the nature of those allegations and denied that they were true. He claimed that his 2001 conviction for a sex offense against M.B. was the result of "a bad custody battle" with M.B.'s mother. He also claimed that Z.P.'s mother had coached her to make false allegations against him after he had ended their relationship.
Mondy also presented the testimony of his ex-wife, Martha Mondy, who stated that she did not have concerns about him being around their eleven-year-old daughter. He also called several other witnesses who testified that they know him well and had no concerns that he could do the acts Z.P. described.
The jury acquitted Mondy of rape but found him guilty of two counts of second-degree sexual assault. Mondy requested alternative-sentencing instructions, which the court rejected. The jury recommended that he be sentenced to twenty years' imprisonment on each count, to be served consecutively, and the court entered that sentence. Mondy filed a timely notice of appeal.
A person commits sexual assault in the second degree if that person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-125(a)(3)(A) (Repl. 2017). A victim's testimony may constitute substantial evidence to sustain a conviction of rape or sexual assault, even when the victim is a child. Gatlin v. State , 320 Ark. 120, 895 S.W.2d 526 (1995). The victim's testimony need not be corroborated, nor is scientific evidence required. Id.
The admission or rejection of testimony is a matter within the trial court's sound discretion and will not be reversed on appeal absent a manifest abuse of that discretion and a showing of prejudice to *464 the defendant. Hamm v. State , 365 Ark. 647, 652, 232 S.W.3d 463, 468 (2006). An abuse of discretion is a high threshold that does not simply require error in the trial court's decision but requires that the trial court acted improvidently, thoughtlessly, or without due consideration. Harris v. State , 2018 Ark. App. 219, at 8, 547 S.W.3d 709, 714.
Mondy first argues that Hyden was impermissibly allowed to describe inadmissible hearsay when she testified about Z.P.'s outburst at school and her subsequent conversation with Z.P. that led Hyden to call the child-abuse hotline. Mondy objected below to the testimony, and the State argued that it was not being offered for the truth of the matter asserted but was being introduced to provide the background and basis for Hyden's subsequent action of reporting Mondy for suspected child abuse. The court allowed the introduction of the testimony with a limiting instruction that it should not be taken for the truth of the matter asserted but was instead being offered as the basis for Hyden's actions.
We see no reversible error in that decision. Hearsay is a statement, other than one made by the declarant while testifying, offered to prove the truth of the matter asserted. Ark. R. Evid. 801 (2018). Hearsay is generally inadmissible, but such testimony is not prohibited by the hearsay rule if it is not offered for the truth of the matter asserted. Bragg v. State , 328 Ark. 613, 623, 946 S.W.2d 654, 660 (1997). The Arkansas Supreme Court has held that a statement is not hearsay when it is offered to show the basis for a witness's actions. Dednam v. State , 360 Ark. 240, 246, 200 S.W.3d 875, 879 (2005).
Here, Hyden testified about her basis for reporting Mondy to the child-abuse hotline, and the court instructed the jury to consider the testimony only for such purposes. Mondy argues that no context for Hyden's report was necessary in order for the jury to understand the case. His argument fails for two reasons. First, Mondy provides no authority for his claim that the above-cited evidentiary rules are available only when the proponent of the evidence can establish a specific need for explaining the basis for a witness's actions. The Arkansas Rules of Evidence and case law allow the introduction of hearsay if not offered for the truth of the matter asserted, and Mondy has not provided compelling argument or authority in favor of adopting an additional necessity requirement. Second, we note that the State argues on appeal that this testimony was especially relevant because it undercuts Mondy's defense that the allegations were orchestrated by Z.P.'s mother in retaliation for Mondy's decision to end their relationship. While we must be careful not to consider this evidence beyond the scope for which it was admitted, we agree that understanding the context and basis for Hyden's actions in reporting her suspicions of abuse was important given Mondy's argument that Z.P.'s mother fabricated the allegations.
Mondy next challenges the court's decision to admit evidence related to his prior conviction and status as a registered sex offender pursuant to Arkansas Rule of Evidence 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evidence is not admissible under Rule 404(b) simply to show a prior bad act. Vance v. State , 2011 Ark. 243, at 20, 383 S.W.3d 325, 339. Rather, the test for admissibility *465 under Rule 404(b) is whether the evidence is independently relevant, which means it must have a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Id. Any circumstance that links a defendant to the crime or raises a possible motive for the crime is independently relevant and admissible under Rule 404(b). Id.
While evidence of other crimes or bad acts may be admissible under Rule 404(b), to be probative under Rule 403, the prior crime or bad act must be sufficiently similar to the crime charged. Vance , 2011 Ark. 243, at 20, 383 S.W.3d at 339. When offered as Rule 404(b) evidence, the prior bad act need not have the degree of similarity that is required for evidence of modus operandi. Fells v. State , 362 Ark. 77, 207 S.W.3d 498 (2005). The previous acts do not have to be identical, just similar. Vance , 2011 Ark. 243, at 20, 383 S.W.3d at 339. Moreover, our supreme court has stated that we are to give considerable leeway to the trial court in determining whether the circumstances of the prior crime and the crime at hand were sufficiently similar to warrant admission under Rule 404(b). Creed v. State , 372 Ark. 221, 227, 273 S.W.3d 494, 499 (2008).
Additionally, our supreme court has explained that even if evidence is relevant under Rule 404(b), Arkansas Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Vance , 2011 Ark. 243, at 20, 383 S.W.3d at 339. However, our supreme court has further noted that evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant to some degree, otherwise it would not be offered. Id. ; Rounsaville v. State , 2009 Ark. 479, 346 S.W.3d 289. Nevertheless, the evidence should not be excluded under Rule 403 unless the defendant can show that the evidence lacks probative value in view of the risk of unfair prejudice. Id. This court reviews a trial court's ruling under Rule 403 for an abuse of discretion. Id.
Here, Mondy argues that the prior act was too remote in time to be relevant, having occurred more than seventeen years before trial. He relies heavily on Efird v. State , 102 Ark. App. 110, 113, 282 S.W.3d 282, 284 (2008), in which we reversed Efird's convictions for rape and sexual indecency with a child based on the improper admission of evidence related to seventeen-year-old sexual-abuse allegations. However, in Efird , we found that the prior allegations were both dissimilar in character and temporally removed from the crimes charged. Here, while the prior crime was temporally removed from the current charges, the court noted that they were very similar in character. In both instances, Mondy was accused of sexually abusing girls who were approximately six years old by committing very similar sexual acts. Both times, he had a close family or domestic relationship with the girls and committed the acts at home. We see no abuse of discretion as to the court's finding that the prior conviction was admissible under Rule 404(b).
Mondy also challenges the court's decision to allow the State to call M.B. to testify after M.B. told the prosecutor she did not remember the events leading to Mondy's previous conviction. Mondy argued at trial that it would be improper to allow the State to call a witness for the sole purpose of impeaching the witness with otherwise inadmissible evidence. He raises the same challenge on appeal, relying *466 on a series of cases from federal district and appellate courts to support his claim that the State may not call a witness for the sole purpose of impeachment. United States v. Johnson , 802 F.2d 1459, 1466 (D.C. Cir. 1986) ; United States v. Libby , 475 F. Supp. 2d 73, 83 (D.D.C. 2007) ; United States v. Webster , 734 F.2d 1191, 1192 (7th Cir. 1984). We need not address the propriety of calling a witness for the purpose of impeachment because Mondy cannot demonstrate prejudice from M.B.'s testimony, and any error that occurred was harmless.
We have held that even when a circuit court errs in admitting evidence, we may declare the error harmless and affirm when the evidence of guilt is overwhelming and the error is slight. Kelley v. State , 2009 Ark. 389, at 20, 327 S.W.3d 373, 383 ; Buford v. State , 368 Ark. 87, 91, 243 S.W.3d 300, 303 (2006). To determine if the error is slight, we look to see if the defendant was prejudiced. Kelley, 2009 Ark. 389, at 20, 327 S.W.3d at 383. This court has consistently held that the uncorroborated testimony of a child-rape victim is sufficient evidence to sustain a conviction. White v. State , 367 Ark. 595, 600, 242 S.W.3d 240, 245 (2006). Here, Mondy later testified and "opened the door" to questions about his prior conviction; he then testified at length about that issue. The State's questions to M.B., which she denied and which the State then did not substantiate with the introduction of extrinsic evidence of her prior allegations, were significantly less prejudicial than Mondy's own testimony about those prior events. Finally, Z.P. testified at length about Mondy's abuse. As in Kelley and White , we conclude that the evidence of Mondy's guilt was overwhelming, and any prejudice from the court's alleged evidentiary error was slight. We affirm on this point.
Mondy's final challenge on appeal is to the court's denial of his request for an alternative-sentencing instruction to the jury. Giving alternative-sentencing instructions is discretionary, but courts must exercise that discretion on a case-by-case basis. Ark. Code Ann. § 16-97-101(4) (Repl. 2016); Miller v. State , 97 Ark. App. 285, 287, 248 S.W.3d 487, 489 (2007). Mondy argues that the court improperly applied a blanket rule of refusing to give alternative-sentencing instructions in multicount cases. We disagree. After reviewing the record, it is clear that while the court considered the fact that the case contained multiple counts, it did not apply a blanket rule but instead treated the issue as one factor in evaluating the propriety of giving such instructions in the present case. The court also considered the fact that Mondy had now been convicted of three counts of sexual assault against very young children.
Additionally, Mondy cannot demonstrate prejudice because the jury imposed a sentence more severe than the minimum sentencing option presented to it, indicating that it would not have imposed an alternative sentence had it been provided that option. Miller , 97 Ark. App. at 287, 248 S.W.3d at 489. Here, Mondy was sentenced to twenty years' imprisonment on each count, the maximum sentence, to run consecutively. We therefore affirm the circuit court's denial of Mondy's request for an alternative-sentencing instruction.
Affirmed.
Klappenbach and Whiteaker, JJ., agree.