Cite as 2019 Ark. App. 483

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-18-986

| | |
|---|---|
| MILTON PEEBLES III<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 23, 2019<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-17-559]<br><br>HONORABLE JOHN HOMER WRIGHT, JUDGE<br><br>REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

Appellant Milton Peebles III pleaded guilty to second-degree sexual assault and agreed to be sentenced by a jury. At the sentencing hearing, over appellant's objection, the State elicited testimony from a police officer about sixty-seven images of nude juveniles found on appellant's computer. After the hearing, the jury sentenced Peebles to twenty years in prison, which is the maximum sentence for this offense. Peebles argues on appeal that the trial court erred in admitting this evidence without conducting a proper analysis under Arkansas Rule of Evidence 403, which was the basis for appellant's objection below. We agree, and we reverse and remand.

Although a defendant ordinarily may not appeal from a guilty plea, there is an exception to this rule when the issue on appeal involves an evidentiary error that arose after the plea but during the sentencing phase of the trial. *Wooley v. State*, 2016 Ark. App. 343. Such is the case here, so this appeal is properly before our court.

Peebles was charged pursuant to Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2017), which provides that a person commits sexual assault in the second degree if, being eighteen years of age or older, he engages in sexual contact with another person who is less than fourteen years of age. The State alleged that Peebles, who is age fifty-five, grabbed the buttocks of an eleven-year-old girl named A.A. In the same criminal information, Peebles was also charged with sixty-seven counts of possessing matter depicting sexually explicit conduct involving children. The trial court granted Peebles' motion to sever the second-degree sexual assault charge from the sixty-seven counts of possessing child pornography. Peebles then pleaded guilty to committing second-degree sexual assault.[1]

Peebles and A.A. were neighbors. A.A. would visit Peebles at his house, and Peebles would give A.A. a toy or some candy in exchange for a hug. During these hugs, Peebles would sometimes slide his hand across A.A.'s buttocks. One day when A.A. was at Peebles' house, she asked to use his cell phone. A.A. discovered that Peebles' phone contained pictures of her breasts and buttocks while she was clothed. These pictures were taken without her knowledge. A.A. used her phone to take photographs of these pictures. A.A. showed her parents the photographs and also told them how Peebles had been touching her. A.A.'s parents contacted the police.

Peebles consented to a police interview at his home. During the interview, Peebles admitted that he had intentionally touched A.A.'s buttocks during their hugs. Peebles further acknowledged taking pictures of A.A. on his phone for the purpose of masturbating. When asked by the police whether Peebles had any inappropriate material on any other

---

[1]The severed child-pornography charges are not before us in this appeal.

electronic devices, Peebles advised that his computer contained still images of adults and juveniles in various states of nudity. The police obtained a warrant to search Peebles' computer and found that it contained sixty-seven images of nude children. Peebles' computer contained no images of A.A.

After Peebles pleaded guilty to second-degree sexual assault, the case proceeded to a sentencing hearing before a jury. At the outset of the hearing, the State announced its intention to introduce testimony concerning the child pornography found on Peebles' computer. The State did not seek to admit the images themselves but argued that the case law established that testimony regarding Peebles' possession of the images was relevant character evidence during sentencing. Peebles objected to any reference to the images, arguing that the probative value of this evidence was outweighed by the prejudice under Arkansas Rule of Evidence 403.[2] The following exchange occurred:

TRIAL COURT: First off, I think your analysis is a phase one analysis, and I don't think that the courts have analyzed 404(b) [sic] evidence in [the] sentencing phase the same way they analyze it in the phase one phase.

APPELLANT'S COUNSEL: Well, it has to be—

TRIAL COURT: Relevant character evidence is—can be proffered by the State as well as the defendant in stage two.

APPELLANT'S COUNSEL: That's what 16-97-103 allows. But it still has to be judged according to the other—

TRIAL COURT: I've never seen a statement that probative outweighs prejudicial when we're dealing with strictly phase two.

---

[2]Peebles did not object to testimony about the pictures of A.A. clothed that were found on his phone.

The trial court overruled Peebles' objection, stating, "[m]y review of the case law has convinced me that reference to these photographs is admissible as evidence of relevant character evidence."

A.A. testified about how Peebles had touched her buttocks, and she testified that she found inappropriate pictures of herself on Peebles' phone. Over Peebles' objection, Officer Kenneth May was permitted to testify about the images found on Peebles' computer. Officer May testified that Peebles' computer contained sixty-seven images involving numerous underage children in various states of undress.

In this appeal, Peebles argues that the trial court erred at the sentencing hearing by failing to conduct a Rule 403 analysis and admitting evidence of the images of nude children found on his computer. Peebles thus argues that this case should be reversed and remanded.

Rule 403 provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. We review a trial court's ruling under Rule 403 for an abuse of discretion. *Mondy v. State*, 2019 Ark. App. 290, 577 S.W.3d 460.

Our supreme court has made it clear that the rules of evidence apply to evidence introduced at the sentencing phase of a trial. *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66. While the rules of evidence apply during all stages of the proceeding, under Ark. Code Ann. § 16-97-103 (Repl. 2016), certain evidence is admissible during sentencing that would not be admissible during the guilt phase of the trial. *Shreck v. State*, 2017 Ark. 39, 510 S.W.3d 750. Arkansas Code Annotated section 16-97-103(5) provides that relevant character evidence is admissible during the sentencing phase of a trial. Evidence of prior or

4

subsequent uncharged criminal conduct can be admissible at the penalty phase of a trial if it is relevant evidence of the defendant's character. *Brown, supra.*

Although evidence in a sentencing hearing is relevant, it may nonetheless be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Shreck, supra.* The fact that evidence is prejudicial to a party is not, in itself, reason to exclude evidence; the danger of unfair prejudice must substantially outweigh the probative value of the evidence. *Branstetter v. State*, 346 Ark. 62, 57 S.W.3d 105 (2001). As in the guilt phase, a trial court's decision to admit evidence during the sentencing phase is reviewed for an abuse of discretion. *Shreck, supra.*

We agree with Peebles' contention that the trial court overruled his objection without conducting a proper analysis under Rule 403. In admitting evidence of the nude images on Peebles' computer, the trial court found only that this evidence was relevant. However, under Rule 403, relevant evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. The trial court's comments from the bench indicated that it did not believe Rule 403 was applicable in the sentencing phase. Specifically, the trial court stated that it had "never seen a statement that probative outweighs prejudicial when we're dealing with strictly phase two."

In the State's brief, it concedes that when a party raises a Rule 403 objection during the sentencing phase, this *clearly* requires a Rule 403 analysis, and that the trial court *must* determine whether the probative value of the evidence substantially outweighs the danger of unfair prejudice. Nonetheless, the State cites *Coon v. State*, 76 Ark. App. 250, 65 S.W.3d 889 (2001), where we stated that when the record is silent regarding the trial court's findings,

5

our usual practice is to presume that it made all the findings necessary to support the action taken. Although the trial court did not articulate that it found the testimony to be more probative than prejudicial under Rule 403, the State asserts that the trial court admitted the testimony after a "review of the case law" and suggests that we should presume that the trial court engaged in a proper Rule 403 analysis. We, however, can make no such presumption.

Although this court generally presumes that the trial court made the findings necessary to support its ruling when the trial court fails to articulate specific findings, in this case the trial court articulated that it questioned the applicability of Rule 403 to sentencing proceedings. The trial court stated that it had "never seen a statement that probative outweighs prejudicial when we're dealing with strictly" the sentencing phase. After making this statement, the trial court made no further reference to Rule 403 and conducted no analysis under the rule. The trial court simply found that the images were admissible as relevant character evidence.

On this record, we conclude that the trial court misapplied the law by overruling Peebles' objection to the nude images without first engaging in the required Rule 403 inquiry. From the trial court's comments from the bench in response to Peebles' objection, it is apparent that the trial court was under the erroneous impression that Rule 403 did not apply at the sentencing stage of the proceedings. This court has reversed and remanded for further proceedings in instances when the trial court erred as a matter of law. *See, e.g.*, *Briggs v. State*, 2012 Ark. App. 226; *Mitchell v. State*, 94 Ark. App. 304, 229 S.W.3d 583 (2006). We reverse and remand for a new sentencing hearing. If the issue recurs on remand, we

instruct the trial court to conduct the proper Rule 403 analysis before making its ruling on admissibility.

Reversed and remanded.

KLAPPENBACH and BROWN, JJ., agree.

*Davis Firm, PLLC*, by: *Jason R. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.