Cite as 2019 Ark. App. 559

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-10

| | | |
|---|---|---|
| QUAYVON PEOPLES | APPELLANT | **Opinion Delivered:** December 4, 2019 |
| V. | | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-17-4] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BRENT HALTOM, JUDGE |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

A Miller County jury convicted appellant Quayvon Peoples of two counts of rape, and he was sentenced to an aggregate term of thirty years in the Arkansas Department of Correction. Peoples argues that the trial court erred in denying his directed-verdict motion because the State failed to prove that the alleged events occurred in Miller County, Arkansas, and because the victim's testimony was insufficient to prove beyond a reasonable doubt that she had been raped.[1] We affirm his convictions.

---

[1]Rule 4–3(h) of the Arkansas Rules of the Supreme Court requires counsel to abstract such parts of the transcript as are material to the points to be argued in the appellant's brief. Appellate counsel included 107 pages of abstract pertaining to bond-reinstatement and bond-reduction hearings and jury selection. Moreover, while Rule 4-2(a)(5)(B) states that the question-and-answer format shall not be used, appellate counsel used this format when it was unnecessary. Ark. Sup. Ct. R. 4-2(a)(5)(B). We encourage appellate counsel to review the rules before he submits another appellate brief.

## I.  *Standard of Review*

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Bowman v. State*, 2019 Ark. App. 240, 574 S.W.3d 235. When reviewing a challenge to the sufficiency of the evidence, this court views the evidence in the light most favorable to the State and considers only the evidence that supports the verdict. *Id*. The sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. The credibility of witnesses is an issue for the jury and not the court. *Id*.

## II.  *Trial Testimony*

Lisa Grant testified that Peoples is her stepson and that he came to live with her family in 2006 when he was eleven years old. In the ensuing years, they moved several times between Arkansas and Texas. In March 2008, they moved to Harner Street in Texarkana, Miller County, Arkansas. Grant said that the children would describe the house on Harner Street as the one with the sliding glass doors. In April 2010, they moved to Seventh Street in Texas. In July 2011, they moved to Preston Street in Texarkana, Miller County, Arkansas. Grant said that the children referred to the house on Preston Street as the house by the big pool. In 2012, the family moved to Texas and have lived there since that time. Brett Gaitlin, an investigator with the Texarkana, Arkansas, Police Department, confirmed that both Harner Street and Preston Street are in Miller County.

In May 2016, Grant received a text message from the victim, her daughter A.G., stating that Peoples had been sexually inappropriate with her. A.G., born October 31, 2002, testified that when she was six or seven years old, she was sharing a room with her older sister in the house with the sliding glass doors. She said that Peoples came to her room at night, took her to the living room, undressed her, digitally penetrated her vagina, and put his penis in her vagina. A.G. recalled another incident around that time frame when Peoples took her from her room at night, led her to his bedroom, and had sexual intercourse with her. A.G. testified that when she was seven or eight years old and while they were living in the house by the big pool, Peoples took her from a room where she had been playing with her siblings and forced her to perform oral sex on him in the kitchen.

J.G., A.G.'s older brother, testified that, while they were living in the house with the sliding glass doors, he saw Peoples on top of A.G. and described Peoples's body as moving in a "stroking motion." J.G. recalled another time when he saw Peoples on top of A.G. doing the same thing, but he testified that this incident happened while they were living in the house by the big pool.

III. *Discussion*

A. Jurisdiction/Venue

Next, Peoples argues that the State failed to prove that the alleged incidents occurred in Miller County, Arkansas. According to Peoples, the State did not introduce any evidence to corroborate testimony that the Grants lived on Harner Street and Preston Street and that those streets are in Miller County.

The State is not required to prove jurisdiction or venue unless evidence is admitted that affirmatively shows that the court lacks jurisdiction or venue. Ark. Code Ann. § 5-1-111(b) (Repl. 2013). Peoples did not introduce any evidence that affirmatively showed that the court lacked jurisdiction or venue. Nevertheless, the State introduced the testimony of Grant, A.G., and Gaitlin to establish that the events indeed occurred in Miller County.

## B. Sufficiency of the Evidence

Peoples argues that the jury found that A.G.'s testimony was not credible with regard to one of the three counts of rape with which he was charged. He contends that it is plausible that the jury accepted as credible only that testimony of A.G.'s that was corroborated by J.G. According to Peoples, J.G. admitted in his testimony that on at least two occasions he had denied that Peoples committed the alleged acts. Also, he points out that no forensic evidence was available at the time of A.G.'s examination at the hospital. Peoples argues that A.G.'s testimony was thus insufficient to prove rape.

A person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2017). A victim's testimony may constitute substantial evidence to sustain a conviction of rape or sexual assault, even when the victim is a child. *Mondy v. State*, 2019 Ark. App. 290, 577 S.W.3d 460. Moreover, the victim's testimony need not be corroborated, nor is scientific evidence required. *Id.*

In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). A motion for directed verdict shall state the specific grounds thereof.

4

*Id.* The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsection (a) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. Ark. R. Crim. P. 33.1(c). A motion for directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient. *Id.* A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. *Id.*

Defense counsel made the following directed-verdict motion at the close of the State's case, and it was renewed after Peoples had testified:

> The defense moves for a directed verdict. The State has produced insufficient evidence to prove beyond a reasonable doubt as to whether or not any events happened in Miller County; as to whether or not the offense of rape had occurred with the alleged complainant, A.G. That the evidence is insufficient to indicate that an offense was committed, specifically, that of rape, as an adult within this jurisdiction.

Peoples's challenge to the sufficiency of the evidence is not preserved because he made only a general directed-verdict motion without specifying the respect in which the evidence was deficient. In any event, A.G.'s testimony was substantial evidence to support his convictions. *Mondy, supra.* Moreover, credibility determinations are within the jury's province. *Bowman, supra.*

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Eric Moore*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.